IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MALUELUE UMU,<br><br>Defendant. | Case No. 20-cr-00024-DKW-2<br><br><br>**ORDER DENYING DEFENDANT MALUELUE UMU'S MOTION FOR REDUCTION OF SENTENCE** |

On March 18, 2024, Defendant Maluelue Umu moved, without counsel, pursuant to 18 U.S.C. § 3582(c)(2), for (1) a reduction of his term of imprisonment based upon Amendment 821 to the U.S. Sentencing Guidelines, and/or (2) a modification of his term of imprisonment to home confinement under U.S.S.G. Section 5C1.1.   Dkt. No. 430.

Neither contention has merit.   First, Amendment 821 applies when, among other things, a defendant received zero criminal history points from Chapter Four, Part A, at sentencing.   Here, review of Umu's Presentence Investigation Report (PSR), which the Court adopted without change or objection at sentencing, reflects that Umu received *seven* criminal history points under Chapter Four, Part A.   As a result, Amendment 821 is inapplicable to his sentence.   Second, contrary to Umu's apparent contention, Section 5C1.1 does not "mandate[]" that he be

sentenced to home confinement.   Umu's motion, Dkt. No. 430, is therefore

DENIED.

## DISCUSSION

Section 3582(c)(2) permits a court to reduce a term of imprisonment if, *inter alia*, it was based on a sentencing range subsequently lowered by the Sentencing Commission.[1]   Amendment 821, which became effective on November 1, 2023, among other things, decreased by two the offense level of any defendant meeting a list of ten criteria.   The first of those criteria is that a "defendant did not receive any criminal history points from Chapter 4, Part A[.]"   U.S.S.G. § 4C1.1(a)(1) (2023).

In this case, review of the PSR reflects that Umu received not zero, but *seven*, criminal history points under Chapter 4, Part A.   Dkt. No. 359 at ¶¶ 40-51. That determination was adopted by the Court without change when sentencing Umu.   Dkt. No. 387 at 1.[2]   Therefore, the addition of Section 4C1.1 to the

---

[1]Section 3582(c)(2) also requires, before a sentence may be reduced, that the reduction be consistent with "applicable policy statements issued by the Sentencing Commission."   Because the Court does not find that Amendment 821 is applicable here, it is unnecessary to address whether any reduction would be consistent with applicable policy statements.
[2]Umu also did not challenge that determination at sentencing.   *See* Dkt. No. 384.   Further, in the instant motion, other than stating that he "meet[s]" all of the criteria for relief under Amendment 821, Dkt. No. 430 at 4, Umu fails to mention the actual criminal history score he received at sentencing.

Sentencing Guidelines, as reflected in Amendment 821, is simply inapplicable to Umu.

Umu also contends that, pursuant to Section 5C1.1, this Court "has to grant an extended period of Home Confinement…."  Dkt. No. 430 at 4.   Section 5C1.1, however, says nothing of the sort.   At most, Section 5C1.1, which uses the word "or" to describe the sentencing options for a defendant, and the commentary of which expressly describes those matters as "options", places it in the Court's *discretion* whether to grant home confinement, provided certain circumstances are met.   Here, Umu presents no persuasive argument why the Court should order home confinement, and the Court is not aware of any.

As a result, the motion, Dkt. No. 430, is DENIED.

## **CONCLUSION**

For the foregoing reasons, Umu's motion for reduction of sentence, Dkt. No. 430, is DENIED.

IT IS SO ORDERED.

DATED: April 25, 2024 at Honolulu, Hawai'i.

_____
Derrick K. Watson
Chief United States District Judge

---

*United States v. Umu,* Case No. 20-cr-00024-DKW-2; **ORDER DENYING DEFENDANT MALUELUE UMU'S MOTION FOR REDUCTION OF SENTENCE, DKT. NO. 430.**